﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/20 Archive Date: 01/31/20

DOCKET NO. 190418-22432
DATE: January 31, 2020

REMANDED

The issue of entitlement to waiver of recovery of an overpayment of Department of Veterans Affairs (VA) compensation benefits is remanded.

REASONS FOR REMAND

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans dissatisfied with VA’s decision on their claim to seek review. The current appeal has been processed under this new regulatory framework. The Veteran has requested Direct Review by a Veterans Law Judge of the Agency of Original Jurisdiction’s April 2019 decision. See April 2019 VA Form 10182 (Decision Review Request: Board Appeal (Notice of Disagreement). 

As relevant to this appeal, 38 U.S.C. § 5304 (c) prohibits the receipt of VA disability compensation benefits for any period for which the person receives active service pay. See 38 C.F.R. §§ 3.654, 3.700. This includes active duty pay, drill, and active duty for training payments, and inactive duty for training payments made to Reservists and members of the National Guard. Id. Reservists may waive their pension, compensation, or retirement pay for periods of field training, instruction, other duty, or drills. A waiver may include prospective periods and contain a right of recoupment for the days for which the reservist did not receive payment for duty by reason of failure to report for duty. 38 C.F.R. § 3.700 (a)(1)(iii).

The Veteran served in the Army Reserve prior to his period of active duty which was from March 2008 to September 2011. The Veteran then had subsequent service in the Reserve. He reports that he retired from that service as of June 1, 2017. At that point, he applied for VA compensation benefits, which was awarded effective August 1, 2017.

In this case, in April 2019, the Regional Office (RO) retroactively adjusted the Veteran’s compensation from December 1, 2016, based on 45 drill days in Fiscal Year (FY) 2017. However, the Veteran maintains that he was not concurrently paid for his drill days and his VA compensation as he did not perform any drill days after June 1, 2017 which occurred prior to any payments of VA compensation. 

In light of the foregoing, a remand is necessary to obtain information to confirm the Veteran’s drill pay days for FY 2017 and audit his VA compensation.

The matter is REMANDED for the following actions:

1. Contact the Defense Manpower Data Center (DMDC) or other appropriate Federal records repository and request a complete statement of the Veteran’s dates of service, to include training days and/or drill pay days, for FY 2017. A copy of any request(s) sent to the DMDC or other appropriate Federal records repository, and any response, to include any records obtained, should be included in the record. 

(Continued on the next page)

 

2. Thereafter, prepare an audit of the Veteran’s VA compensation account for FY 2017 with consideration of the confirmed training days. 

 

 

S. L. Kennedy

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Connolly, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.